Felix Tatro
vs.   No. 76327.
Charles H. Page & Son

June 19, 1929.

CAPOTOSTO, J. The defendant's car, while proceeding east on Doyle avenue, attempted to pass another automobile going in the same direction at the intersection of Doyle avenue and Camp street, with the result that it came into a collision with a Ford truck belonging to one John F. Greene, which was proceeding northerly across the said intersection. The plaintiff, who was talking with a friend on the sidewalk at the northeast corner, was struck by the defendant's machine and hurled against a plate glass window of a store. The accident happened in the forenoon of September 16, 1926. The day was clear and the road dry.

The plaintiff, about 72 years old, and a barber by trade, was severely injured. In addition to many cuts and bruises, he suffered a concussion of the brain and permanent injury to the right hand and back, due to spinal trouble caused by traumatism.

Tatro sued the owners of the Ford truck, John F. Greene, et al., and compromised the claim for $2,500. He then brought suit against the present defendant, who, among other defenses, claimed that the sum of $2,500 paid by Greene to the plaintiff was received by the plaintiff in full settlement of his right of action against all parties who might have been legally responsible for his injuries. The plaintiff, on the other hand, maintained that the payment of $2,500 which he received from Greene was in settlement of his claim against Greene and no more.

An examination of the evidence shows that both the Greene truck and the defendant's automobile were negligently operated at the time of the accident. Both parties contributed in inflicting the injuries which the plaintiff sustained. There is no doubt of defendant's liability.

Was the defendant's liability discharged by the payment of $2,500 by Greene? Confronted with this problem the Court, of its own motion, submitted the following special finding to the jury: "Was the payment of $2,500 received by Felix Tatro from John F. Greene in full satisfaction of any and all claims for injuries resulting from the collision?" The jury answered this question in the negative and assessed damages for the plaintiff in the sum of $2,500. The defendant, in arguing his motion for a new trial, insists that the jury was wrong upon this issue.

The evidence, which includes a copy of a covenant not to sue (Plaintiff's Exhibit A), from the plaintiff to Greene shows clearly that the plaintiff accepted the $2,500 from Greene as partial compensation only. He released Greene and his associate in business, E. Russell Feeney, and no other. "Now therefore, I, said Felix Tatro * * * do hereby acknowledge said consideration in full accord and satisfaction of all claims that I, said Felix Tatro, may have against said E. Russell Feeney and said John F. Greene or either of them," says the covenant not to sue hereinbefore referred to. The jury's finding upon this issue is in accord with the evidence. The damages awarded are reasonable.

Motion for new trial denied.

For plaintiff: Edward DeV. O'Connor, John H. McGough and E. G. O'Connor.

For defendants: William F. Carroll and James F. McCartin.